## Case Information

DC-20-15725 | LARDWEANOR JENNINGS vs. DALLAS HOUSING AUTHORITY

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-20-15725 | 192nd District Court | SMITH, CRAIG |
| File Date | Case Type | Case Status |
| 10/19/2020 | EMPLOYMENT | OPEN |

## Party

PLAINTIFF
JENNINGS, LARDWEANOR

Address
1201 N. WATSON ROAD
SUITE 147
ARLINGTON TX 76006

Active Attorneys ▾
Lead Attorney
EDWARDS, CONSWELLA
Retained

DEFENDANT
DALLAS HOUSING AUTHORITY

Address
BY SERVING ITS REGISTERED AGENT, TROY BROUSSARD
3939 NORTH HAMPTON ROAD
DALLAS TX 75212

Active Attorneys ▾
Lead Attorney
BRIGHT, GERALD
Retained

## Events and Hearings

# EXHIBIT 1

10/19/2020 NEW CASE FILED (OCA) - CIVIL

10/19/2020 ORIGINAL PETITION ▾

ORIGINAL PETITION

10/19/2020 ISSUE CITATION ▾

CITATION - DALLAS HOUSING AUTHORITY - ESERVE

10/20/2020 CITATION ▾

**Unserved**

Anticipated Server
**ESERVE**

Anticipated Method
Comment
**DALLAS HOUSING AUTHORITY**

11/13/2020 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIGINAL ANSWER

11/17/2020 ORDER - PRETRIAL ▾

ORDER - PRETRIAL

   Comment
   **NON-JURY**

11/08/2021 Non Jury Trial ▾

192nd Cover Letter

192nd Cover Letter

Judicial Officer
**SMITH, CRAIG**

Hearing Time
**9:00 AM**

# Financial

JENNINGS, LARDWEANOR

|  | Total Financial Assessment | | | $300.00 |
|---|---|---|---|---|
|  | Total Payments and Credits | | | $300.00 |
| 10/19/2020 | Transaction Assessment | | | $300.00 |
| 10/19/2020 | CREDIT CARD - TEXFILE (DC) | Receipt # 65863-2020-DCLK | JENNINGS, LARDWEANOR | ($300.00) |

## Documents

ORIGINAL PETITION

CITATION - DALLAS HOUSING AUTHORITY - ESERVE

ORIGINAL ANSWER

192nd Cover Letter

192nd Cover Letter

ORDER - PRETRIAL

FILED
10/19/2020 12:00 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Belinda Hernandez DEPUTY

No. _____DC-20-15725_____

| | | |
|---|---|---|
| **LARDWEANOR JENNINGS** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **DALLAS HOUSING** | § | |
| **AUTHORITY,** | § | |
| | § | |
| *Defendant* | § | **K-192ND  JUDICIAL DISTRICT** |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, **LARDWEANOR JENNINGS**, complains of Dallas Housing Authority (aka

DHA), Defendant, and for cause of action shows:

### DISCOVERY CONTROL PLAN LEVEL

### I.

Plaintiff intends that discovery be conducted under Discovery Level 2 as specified in Texas

Rule of Civil Procedure 190.2. The following discovery was served upon Defendant with the

Plaintiff's Original Petition:

Plaintiffs Request for Disclosure

### PARTIES AND SERVICE

1. Plaintiff Lardweanor Jennings, is an individual who resides in Dallas County, Texas

and is a former employee of Dallas Housing Authority, the Defendant.

2. The last three digits of the driver's license number of Lardweanor Jennings are 676.
The last three digits of the social security number for Lardweanor Jennings are 232.

3. Defendant Dallas Housing Authority is a municipal government unit, and may be served

---

Plaintiff's Original Petition                                                                              Page 1

**EXHIBIT 2**

:

with process through its president, Troy Broussard, at 3939 North Hampton Road, Dallas, Texas  75212 or wherever he may be found or Defendant Dallas Housing Authority is a municipal government unit, and may be served with process by serving Letetia Patin, General Counsel in its legal department.

## JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      This court has jurisdiction over the parties because Defendant is a Texas Municipality.

7.      Venue in Dallas County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

8.      Damages sought by this suit are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of more than $100,000 but not more than $1,000.000.  Pursuant to Rule 47, Plaintiff states that the maximum amount claimed by this suit consists of the combined amount of her backpay, front-pay, exemplary, consequential and compensatory damages of up to $275,000, and her attorney's fees and expenses.

## NATURE OF ACTION

9.      This is an action under Chapter 21 of the Texas Labor Code Section 21.001 et. seq. Texas Labor Code, as amended, to correct unlawful employment practices on the basis of disability, age, race, retaliation, wrongful termination, hostile work environment and sex.

## CONDITIONS PRECEDENT

10.     Prior to the institution of this lawsuit Plaintiff filed a charge with the Equal Employment Opportunity Commission on February 15, 2019. All conditions precedent to the

:

institution of this lawsuit has been fulfilled. On August 03, 2020 Plaintiff received he Notice of

Right to Sue.  This suit is brought within two years of the date the complaint relating to the action

was occurred and within 90 days of receipt of the right to sue letter.

**FACTS**

10.    Plaintiff is an African American female who was employed by Defendant from

January 5, 2009 to October 19, 2018 as a Resident Services Coordinator for one of Defendant's

housing projects.

11.    On April 9, 2018 Plaintiff was placed on disability by her physician and she went

out on Federal Medical Leave. Plaintiff worked at Forest Green Manor as an assistant property

manager, along beside the property manager Aretha Beckett.  According to DHA policy Plaintiff

was required to use her PTO time before she used her FMLA leave.  Plaintiff's physicians

submitted to Defendant Plaintiff's medical certification as required by Defendant.

12.    However, on July 19, 2018 Rachel Pollard, who was employed by Defendant as

the new AMP Supervisor held a meeting at Lakeland Manor with the staff. Plaintiff was not in

attendance.  Ms. Pollard was Plaintiff's supervisor and, although Plaintiff had never had the

opportunity to meet Ms. Pollard in person, Plaintiff knew of Ms. Pollard, from a prior incidence

involving a harassment claim that Plaintiff filed against Ms. Pollard's friend Sandra Davis.  As

result of Plaintiff's harassment complaint Ms. Davis was terminated from employment by

Defendant.

13.    After the meeting, Defendant met with employees LaTonya Smith, Aretha

Beckett, Kawanda Gray and David (Temp employee) in her office.   It was at this meeting that

Defendant's employee Ms. Pollard, threatened Plaintiff with termination if she did not show up

:

to work on August 1, 2018 indicating "if Cheree' is not back by August 1st ;  then August 2nd she

would be terminated'.  This conversation was held directly between Ms. Beckett with Ms. Smith

overhearing the conversation. and was relayed to Plaintiff by both Ms. Beckett and Ms. Smith.

14.     On July 22, 2018, Plaintiff filed a Harassment Complaint against Rachel Pollard

AMP Supervisor of Housing Operations.

15.     A little under three (3) months later, on October 19, 2018 Plaintiff received a

letter from Dallas Housing Authority indicating that DHA was terminating her because DHA's

policy on the Length of Leave of Absence reads:

**Except as otherwise return to work 6 months required by law, any leave of absence
for any reason may not last more than 6 months. If an employee does not return to
work 6 months after the start of any leave of absence, his/her employment will
automatically terminate.**

**Base on the Length of Any Leave of Absence policy, your employment with the
DHA is being terminated effective October 19, 2018.**

### RETALIATION

20.     Defendant, by and through Defendant's agents, intentionally engaged in unlawful

employment practices of retaliation against Plaintiff because of Plaintiff's reporting to DHA

Human Resources on or about July 22, 2018, her concerns regarding the Defendant's employee

Rachel Pollack engagement in threat of retaliation of her, in violation of the Civil Rights Acts of

1964 and Texas Labor Code which prohibited retaliation against employees.  Plaintiff would show

that Defendant retaliated against her on the basis of Plaintiff's prior harassment complaint.

Further that this threat to terminate Plaintiff was made while during the time Plaintiff was out

on Short Term Disability.

## DISABILITY DISCRIMINATION

20.    Defendant, Dallas Housing Authority, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving discrimination against Plaintiff because of her disability.

24.    Both the Americans Disability Act and Section 503 of the Rehabilitation Act of 1973 covers persons with a wide range of physical impairments that substantially limit or restrict a major life activity such as hearing, seeing, speaking, walking, breathing, performing manual tasks, caring for one's self, learning, or working.

25.    Defendant, Dallas Housing Authority, by and through Defendant's agents discriminated against Plaintiff on the basis of disability with malice or with reckless indifference to the state-protected rights of Plaintiff.

## WRONGFUL TERMINATION

26.    Defendant, Dallas Housing Authority by and through Defendant's agent, intentionally engaged in unlawful employment practices involving termination of Plaintiff because of her disability.

27.    Defendant, Dallas Housing Authority, by and through Defendant's agent, intentionally and wrongfully terminated Plaintiff in connection with the compensation, terms, conditions and privileges of employment that deprived or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's disability in violation of the Texas Labor Code.

28.    Defendant's employee deliberately, malicious and wrongfully terminated Plaintiff's employment under the pre-text of termination due to enforcement of DHA's Length of Any Leave

:

of Absence policy. This was in violation of federal and state laws.

Further, in violation of the American with Disability Act, Defendant failed to offer Plaintiff any reasonable accommodation for return to work prior to terminating Plaintiff. Title I of the ADA requires an employer to provide reasonable accommodation to qualified individuals with disabilities who are employees or applicants for employment, except when such accommodation would cause an undue hardship.

DHA engaged in retaliation with enforcement of its "no-fault" leave policy, under which employees are automatically terminated after they have been on leave for a certain period of time, to an employee with a disability who needs leave beyond the set period.

29.   Plaintiff alleges that Defendant, DHA, by and through Defendant's agent wrongfully terminated Plaintiff with malice or with reckless indifference to the state and federally protected rights of Plaintiff.

## DAMAGES

40.   Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a.   All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas. As the Court deems equitable and just as provided by the Texas Labor Code section 21.259.

b.   All conditions precedent have been performed or have occurred. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just as provided by the Texas Labor Code section 21.258:

c.   All reasonable and necessary costs incurred in pursuit of this suit:

d.   Emotional pain:

e.   Expert fees as the court deems appropriate:

f.   Front pay in an amount the Court deems equitable and just to make

:

Plaintiff whole:

g.       Inconvenience:

h.       Pre and Post judgment interest:

i.       Loss of enjoyment of life:

j.       Mental anguish in the past:

k.       Mental anguish in the future:

l.       Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff and such charges are reasonable and were usual and customary charges for such services in Dallas County, Texas:

m.       Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

n.       Loss of earnings in the past:

o.       Loss of earning capacity which will, in all probability, be incurred in the future;

p.       All taxes and interest in settlement of this suit, and

q.       Loss of benefits.

## EXEMPLARY DAMAGES

44. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the state-protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future. Plaintiff also seeks recovery from Defendant fur exemplary damages as provided by Section 21.2585 of the Texas Labor Code.

## PRAYER

WHEREFORE,   PREMISES   CONSIDERED,   Plaintiff,   Lardweanor   Jennings

respectful1y prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court: exemplary damages, excluding interest, and as allowed by Section 21.*2585* of the Texas Labor Code. together with pre,-judgment interest at the maximum rate allowed by law: post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may he entitled at law or in equity.

Respectfully submitted,

/s/ Conswella Edwards
Edwards Law Office, PLLC
1201 N. Watson Road, Suite 147
Arlington, Texas  76006
817-697-6788 (t)
817-706-0071 (f)
State Bar Number: 24027305

## PLAINTIFF'S  FIRST REQUEST FOR PRODUCTION TO DEFENDANT, DALLAS HOUSING AUTHORITY

TO: Defendant, Dallas Housing Authority,  3939 S. Hampton Road, Dallas, Texas

Pursuant to Rule 196 of the T.R.C.P., the following Request for Production is submitted to the Defendant to be answered and provided the requested documents within fifty-one (51) days, all as provided in said Rule. For each production produced please identify and segment each document in ordered identifying the documents as a separate and complete document by stapling or clipping the pages together.   If submitting the Responses electronically please identify each response with the numerically number for which the Response apply.

Respectfully submitted,

/s/ Conswella Edwards

:

Conswella Edwards
Edwards Law Office, PLLC
1201 N. Watson Road, Suite 147
Arlington, Texas  76006
Dallas, Texas 75202
469-684-7737 (Telephone)
817-983-3060 (FAX)
edwardslawoffice@gmail.com
ATTORNEY FOR PLAINTIFF

### REQUEST FOR PRODUCTION

1. For each and every expert witness that may testify at trial in this cause, please produce a copy of the following items in Defendant's possession, custody or control:

   (a) The experts current and complete biography or curriculum vitae, including all bibliographies of completed works which he/she has authored or co-authored, or to which he/she has contributed, whether or not such works have been generally published;

   (b) All "reports", including but not limited to, all drafts and revisions or such reports (whether on hard copy or electronically stored). The term "report" as used herein includes all documents (memoranda, notes, correspondence, charts and graphics) containing the experts factual observations, as well as all opinions and all supporting data or material which the expert has reviewed and/or relied upon in formulating his/her opinions and mental impressions relevant to the subject matter of this lawsuit. In this regards, the term "report" also encompasses all "learned treatises" (works of scientific value in the field of the expert's area of expertise) the expert has reviewed and/or relied upon in forming his/her opinions relevant to the subject matter of this lawsuit;

   (c) All tests, photographs, movies and/or videotapes, films and/or image-recording films of any nature, diagrams, sketches, graphs, computer-assisted calculations and recreations and/or models and mock-ups generated by **or** provided to the expert relevant to his/her involvement in the instant case and/or relevant to the testimony he/she may give at trial;

   (d) For any consulting expert whose work product has been reviewed by an expert who may testify on your behalf at trial, please similarly provide all the items requested above and below;

     (e)       Documents concerning monies paid or to be paid to such experts related to this cause of action;

     (f)       Documents, including correspondence, relating to the date and/or circumstances on which such expert was retained in this cause of action.;

     (g)       All documents, tests, or reports reviewed by such expert in formulating his/her opinion(s) in this case.

2.     **True** and correct copies of any and all employment records for Lardweanor Jennings including any reprimands, disciplinary actions, suspensions etc.

3.     True and correct copies of any photographs, audio or video tapes taken either before or after the incident made the basis of this lawsuit or made in regard to the incident made the basis of this lawsuit.

4.     True and correct copies of any statements including any recorded or written statements or documents taken by or made by the Defendant or Defendants' representatives including but not limited to Monica Tharp, Rachel Pollard, LaTonya Smith, Aretha Beckett, Kawanna Gray and David (last name unknown) and pertaining to Lardweanor Jennings.

5.     True and correct copies of any statements including any recorded or written statements or documents taken of or made by the Plaintiff, Lardweanor Jennings involving the termination of Plaintiff and/or  the Harassment Complaints filed by Plaintiff against Sandra Davis and/or Rachel Pollard.

6.     A true and correct copy of Dallas Housing Authority's Employment Agreement with Lardweanor Jennings.

7.     A true and correct copy of Dallas Housing Authority's performance evaluation for the time of employment of Lardweanor Jennings and Rachel Pollard.

8.     A true and correct copy of any depositions taken in regards to the incident the subject of this suit.

9.     A true and correct copy of any witness statement in regards to the incident the subject of this suit.

10.     A true and correct copy of any documents pertaining to the termination of Rachel Pollard.

11.     Please produce any and all cellular telephone records which reflect the status of activity on the dates and times of the incidents made the basis of this lawsuit.

12.     A true and correct copy of Dallas Housing Authority's policies and procedure manual for Lardweanor Jennings.

13.     A true and correct copy of Dallas Housing Authority's the job description for Lardweanor Jennings.

14.     A true and correct copy of any documentation including reports, logs, receipts, etc. involved in the incident made the basis of this suit.

15.     A true and correct copy of Lardweanor Jennings' timesheet from November 1, 2017 to October 19, 2018.

16.     A true and correct copy of Lardweanor Jennings' payroll checks from January 1, 2017 to October 31, 2018.

17.     A true and correct copy of the name, address and telephone of individuals out on disability over 6 months between January 1, 2017 to January 1, 2019.

18.     A true and correct copy of any allegation of retaliation and/or disability discrimination between January 1, 2017 to January 1, 2019 presented to Defendant.

19.     A true and correct copy of any lawsuit filed against Defendant with the allegations of harassment, retaliation and/or disability discrimination between January 1, 2017 to present.

20.     A true and correct copy of any and all complaints against Rachel Pollard.

21.     A true and correct copy of Lardweanor Jennings's Employment file.

22.     A true and correct copy of any and all communications between Aetna Insurance Company in regards to Group number 450447-01000201 and the termination of DHA's contract with Aetna Insurance Company.

23.     A true and correct copy of any and all communications between Aetna Insurance Company and DHA in regards to Member Id W223279046 occurring between November 17, 2016 and December 31, 2018.

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To: DALLAS HOUSING AUTHORITY**
    **BY SERVING ITS REGISTERED AGENT TROY BROUSSARD**
    **3939 NORTH HAMPTON ROAD**
    **DALLAS TX  75212**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written Answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and **petition**, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **192nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **LARDWEANOR JENNINGS**

Filed in said Court  **19th day of October, 2020** against

**DALLAS HOUSING AUTHORITY**

For Suit, said suit being numbered **DC-20-15725,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition **REQUEST FOR DISCLOSURE AND PRODUCTION**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 20th day of October, 2020.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas



By _____, Deputy
    CARLENIA BOULIGNY

---

**ESERVE**

**CITATION**

**DC-20-15725**

**LARDWEANOR JENNINGS**
**Vs.**
**DALLAS HOUSING AUTHORITY**

ISSUED THIS
**20th day of October, 2020**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  CARLENIA BOULIGNY, Deputy

**Attorney for Plaintiff**
CONSWELLA EDWARDS
LAW OFFICE OF CONSWELLA
EDWARDS
1201 N WATSON RD
SUITE 147
ARLINGTON TX  76006
817-695-6788
edwardslawoffice@gmail.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**EXHIBIT 3**

# OFFICER'S RETURN

Case No. :  DC-20-15725

Court No.192nd District Court

Style: LARDWEANOR JENNINGS

 Vs.

DALLAS HOUSING AUTHORITY

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.M. Executed at _____, within the County of _____ at _____ o'clock _____ .M. on the _____day of_____, 20_____, by delivering to the within named _____

_____

Each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of _____County, _____ | |
| For Notary | $_____ | by _____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____before me this _____day of _____,

20_____, to certify which witness my hand and seal of office.

_____

Notary Public _____County_____

FILED
11/13/2020 9:51 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Terri Kilgore DEPUTY

Case 3:20-cv-03462-M   Document 1-2   Filed 11/20/20   Page 17 of 26   PageID 22

## CAUSE NO. DC-20-15725

| | | |
|---|---|---|
| LARDWEANOR JENNINGS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | K-192ND JUDICIAL DISTRICT |
| | § | |
| DALLAS HOUSING AUTHORITY, | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT DALLAS HOUSING AUTHORITY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Dallas Housing Authority ("DHA") and in response to Plaintiff's Original Petition, respectfully presents the following:

## I.   GENERAL DENIAL

1.      Defendant DHA ("Defendant") invokes the provisions of Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, and does thereby exercise its legal right to require Plaintiff to prove all of the allegations contained in her pleadings by a preponderance of the evidence, if she can so prove them, which is denied, and, accordingly, Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition, and demands strict proof thereof.

2.      Furthermore, to the extent that Plaintiff's medical specials (bills) exceed the amount actually paid or incurred by or on Plaintiff's behalf, Defendant asserts the statutory defense set forth in §41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.  Thus, recovery of medical or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

## II.   SPECIAL DENIALS

3.      Defendant specifically denies that Plaintiff is entitled to any damages whatsoever.

4.      Defendant specifically denies that Plaintiff is entitled to injunctive relief.

## EXHIBIT 4

### III.   <u>**AFFIRMATIVE DEFENSES**</u>

5.      Defendant asserts as an affirmative defense, if same be necessary, the affirmative defense of failure to mitigate.

6.      Defendant asserts as an affirmative defense, if same be necessary, the affirmative defense of offset.

7.      Defendant asserts as an affirmative defense, if same be necessary, that any complained of employment decisions were based upon legitimate and nondiscriminatory reasons, and that Defendant did not discriminate against Plaintiff or retaliate against Plaintiff.

8.      Defendant asserts as an affirmative defense, if same be necessary, the limitations of liability provided by Section 21.2585 of the TEXAS LABOR CODE, and Defendant also seeks recovery of attorneys' fees and costs pursuant to Section 21.259 of the TEXAS LABOR CODE.

9.      Defendant asserts as an affirmative defense, if same be necessary, that it exercised reasonable care to prevent and/or correct promptly any harassing behavior in the workplace.  Any alleged discriminatory decisions are contrary to DHA's established anti-discrimination policies and its good-faith efforts to comply with anti-discrimination laws, including but not limited to the AMERICANS WITH DISABILITIES ACT and Section 21.051, et seq. of the TEXAS LABOR CODE.

10.     Defendant asserts as an affirmative defense, if same be necessary, that Plaintiff's compensatory damages (if any) are limited under TEXAS LABOR CODE §21.2585.

11.     Defendant asserts as an affirmative defense, if same be necessary, that punitive damages are not recoverable against a governmental entity, per TEXAS LABOR CODE §21.2585(2).

12.     Defendant asserts as an affirmative defense, if same be necessary, that the acts complained of by Plaintiff were not caused by any constitutionally defective official policy or custom of the DHA.

13.     Defendant asserts as an affirmative defense, if same be necessary, that all of the acts complained of in Plaintiff's Original Petition against DHA are specifically exempted from the application of the waiver of immunity in the TEXAS TORT CLAIMS ACT, under which Plaintiff must base her claims, and DHA is immune from liability and/or suit.

14.     Defendant asserts as an affirmative defense, if same be necessary, that Plaintiff has failed to state a claim upon which relief can be granted.

15.     Defendant asserts as an affirmative defense, if same be necessary, that Plaintiff's allegations merely allege a negligence cause of action (if any) and, as such, fail to state a Constitutional claim because long-established precedent establishes as a matter of law that negligence cannot form the basis of a Constitutional claim.

16.     Defendant asserts as an affirmative defense, if same be necessary, that they did not violate clearly established law of which a reasonable person would have known.

17.     Defendant asserts as an affirmative defense, if same be necessary, that no deprivation of Plaintiff's rights occurred.

18.     Defendant asserts as an affirmative defense, if same be necessary, that no act or omission on its part proximately caused any of Plaintiff's alleged injuries or damages.

19.     Defendant asserts as an affirmative defense, if same be necessary, that any complained of employment decisions were based upon reasonable factors other than race, age, national origin, age, sex or disability, were made in good faith and without malice, were essential and necessary to the operation of DHA's business, and were at all times solely motivated and required by legitimate, non-discriminatory considerations.

20.     Defendant asserts as an affirmative defense, if same be necessary, that Plaintiff's claims are barred because any actions Defendant took with regard to Plaintiff would have been taken regardless of Plaintiff's race, age, national origin, age, sex, or disability.

21.     Defendant asserts as an affirmative defense, if same be necessary, that DHA relied upon the Plaintiff's physician's evaluation of Plaintiff indicating that Plaintiff could not perform one or more essential functions of her job.

22.     Defendant asserts as an affirmative defense, if same be necessary, that Plaintiff was not a qualified individual with a disability, as she could not perform the essential functions of her position.

## IV.     RULE 193.7 NOTICE

23.     Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant hereby gives notice to the Plaintiff that Defendant intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records and discovery responses) during the trial of this matter.

## V.

24.     Defendant expressly reserves its right to subsequently amend this answer to assert any counterclaims or causes of action it may have against Plaintiff and/or any additional parties and to aver any affirmative defenses available.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Dallas Housing Authority prays that Plaintiff take nothing by reason of this suit, and for such other and further relief, both general and special, to which Defendant DHA may be justly entitled at law or equity.

Respectfully submitted,

WALKER BRIGHT P.C.
100 North Central Expressway, Suite 800
Richardson, Texas 75080
Telephone:      (972) 744-0192
Telecopier:     (972) 744-0067
Email:          efiledallas@wblpc.com

By:     /s/ Gerald Bright
        GERALD BRIGHT
        State Bar No. 02991720
        DAVID L. CRAFT
        State Bar No. 00790522
        COURTNEY MYERS
        State Bar No. 24102261

*Attorneys for Defendant*
*Dallas Housing Authority*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing Defendant Dallas Housing

Authority's Original Answer has been forwarded via the method listed below, to counsel or parties

of record as listed below on this the 13th day of November, 2020.

Conswella Edwards, Esq.                     *Via Texas Efile Eservice*
EDWARDS LAW OFFICE, PLLC
1201 N. Watson Road, Suite 147
Arlington, TX  76006
***Attorney for Plaintiff***


                                            /s/ Gerald Bright
                                            Gerald Bright/David Craft/Courtney Myers

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Efile Dallas on behalf of Gerald Bright
Bar No. 2991720
efiledallas@wblpc.com
Envelope ID: 48068091
Status as of 11/16/2020 11:12 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Conswella Edwards | 24027305 | edwardslawoffice@gmail.com | 11/13/2020 9:51:04 AM | SENT |

Associated Case Party: DALLAS HOUSING AUTHORITY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gerald Bright | | efiledallas@wblpc.com | 11/13/2020 9:51:04 AM | SENT |



192nd District Court
George L Allen, Sr. Courts Building
600 Commerce Street
Dallas, Texas  75202-4627
Telephone 214-653-7709

CONSWELLA EDWARDS
LAW OFFICE OF CONSWELLA EDWARDS
1201 N WATSON RD
SUITE 147
ARLINGTON TX  76006

11/17/2020

RE:   DC-20-15725
LARDWEANOR JENNINGS
 vs.
DALLAS HOUSING AUTHORITY

Dear Counsel of Record:

PLEASE SEE ATTACHMENTS  **_OR_**  NOTE THE FOLLOWING:

ORDER(S) SIGNED 11/17/2020 IS NOW AVAILABLE FOR VIEWING ONLINE.

CC:      GERALD BRIGHT
         WALKER BRIGHT PC
         100 NORTH CENTRAL EXPRESSWAY SUITE 800
         RICHARDSON TX 75080
         CONSWELLA EDWARDS
         LAW OFFICE OF CONSWELLA EDWARDS
         1201 N WATSON RD
         SUITE 147
         ARLINGTON TX 76006

## _SETTLEMENTS MUST BE REPORTED TO THE COURT IN WRITING_

_PLEASE CONTACT THE COURT CLERK AT 214-653-7748 TO SET OR CANCEL A HEARING ON THE COURT'S MOTION DOCKET_

Review your case information at:  http://courts.dallascounty.org/

Review court documents on-line at: http://www.dallascounty.org/public_access.html

## EXHIBIT 5



192nd District Court
George L Allen, Sr. Courts Building
600 Commerce Street
Dallas, Texas  75202-4627
Telephone 214-653-7709

GERALD BRIGHT
WALKER BRIGHT PC
100 NORTH CENTRAL EXPRESSWAY SUITE 800
RICHARDSON TX  75080

11/17/2020

RE:   DC-20-15725
LARDWEANOR JENNINGS
 vs.
DALLAS HOUSING AUTHORITY

Dear Counsel of Record:

PLEASE SEE ATTACHMENTS  **_OR_**  NOTE THE FOLLOWING:

ORDER(S) SIGNED 11/17/2020 IS NOW AVAILABLE FOR VIEWING ONLINE.

CC:     GERALD BRIGHT
        WALKER BRIGHT PC
        100 NORTH CENTRAL EXPRESSWAY SUITE 800
        RICHARDSON TX 75080
        CONSWELLA EDWARDS
        LAW OFFICE OF CONSWELLA EDWARDS
        1201 N WATSON RD
        SUITE 147
        ARLINGTON TX 76006

## _SETTLEMENTS MUST BE REPORTED TO THE COURT IN WRITING_

_PLEASE CONTACT THE COURT CLERK AT 214-653-7748 TO SET OR CANCEL A HEARING ON THE COURT'S MOTION DOCKET_
Review your case information at:   http://courts.dallascounty.org/

Review court documents on-line at: http://www.dallascounty.org/public_access.html

# EXHIBIT 6



192nd District Court
George L Allen, Sr. Courts Building
600 Commerce Street
Dallas, Texas  75202-4627

Chambers of Judge Craig Smith

**PRE-TRIAL ORDER**

DC-20-15725

LARDWEANOR JENNINGS
 vs.
DALLAS HOUSING AUTHORITY

This case is set on the Court's two week docket for **Non-Jury Trial on 11/08/2021 @ 9:00 A.M.**

This date was chosen because it seems realistic based on the information on file.  You should consider this to be a final setting and be prepared to go to trial.

Discovery is to be commenced, accomplished and completed pursuant to Texas Rule of Civil Procedure 190 et seq.

No continuances of the trial setting or the discovery deadline will be granted except upon good cause shown following a hearing on a Motion of Continuance.

Trial announcements must be made in accordance with Rule 3.02 Dallas Civil Court Rules: Requests to Continue a Trial Date;

a. Unless otherwise permitted by Court policy, no request to pass, postpone or reset any trial shall be granted unless counsel for all parties consent, or unless all parties not joining in such request or their counsel have been notified and have had opportunity to object; provided, however, that failure to make an announcement under Local Rule 3.02 shall constitute that party's consent to dismiss for want of prosecution any case set for trial the following week.
b. after a case has been on file for one year, it shall not be reset for a party except upon written motion for continuance and granted by the Court.
c. Except as provided by statute, no party is entitled of right to a "pass" of any trial setting.

No dispositive motions will be heard within 30 days of the trial date.  Any Daubert/Robinson Challenges must be set and heard no later than 30 days before trial.

The Court directs the parties to the 192nd District Court's website located at www.dallascounty.org
(in the *red header)* select County Govt. • then select County & District Courts • then select Civil District • then select 192nd District Court for the following:
                    Advisory regarding Protective Order
                    Advisory regarding E-Discovery

Plaintiff/Plaintiff's counsel shall serve a copy of this Order on any currently named defendant(s) answering after this date.

Signed November 17, 2020

CRAIG SMITH, DISTRICT JUDGE

**EXHIBIT 7**